IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EILEEN GEARY,

   Plaintiff,

    v.

THE CITY OF SNELLVILLE, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-3128-TWT

OPINION AND ORDER

This is a civil rights action. It is before the Court on the Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment [Doc. 8] and the Plaintiff's Motion for Leave to File an Amended Supplement Complaint [Doc. 13]. For the reasons set forth below, the Defendants' motion to dismiss is GRANTED and the Plaintiff's motion to amend is DENIED.

I. BACKGROUND

Plaintiff Eileen Geary claims that her constitutional rights have been violated as a result of alleged police harassment. According to the Plaintiff, she has been under illegal surveillance and has been harassed by various police officers of the City of Snellville since December of 1992. (Compl. ¶¶ 9-12.) As part of this harassment, the Plaintiff asserts that on January 16, 2002, she was pulled over without probable cause

by Defendant Officer Kevin Sebring.  The Plaintiff alleges that during this stop, Defendant Sebring pulled a gun on her, Defendant Officer Robert Pendleton tackled her to the ground, and Defendant Officer James Poole conducted an illegal search and seizure of her vehicle.  (Compl. ¶¶ 16-17.)  According to the Plaintiff, she was then arrested without probable cause.  Following her arrest and the subsequent issuance of an arrest warrant, the Plaintiff was charged with burglary.  These charges, however, were nolle prossed on April 10, 2003.  (Compl. ¶ 16.)  In addition to the events of January 2002, the Plaintiff alleges that on November 17, 2002, her car was surrounded by three City of Snellville police cars in a church parking lot.  Although there was no contact between the Plaintiff and any officers, the Plaintiff claims that the incident caused such stress that she sought medical attention.

This action is the third filed by the Plaintiff, containing virtually identical allegations.  The first suit was originally filed in the State Court of Gwinnett County on January 13, 2004, and later removed to this Court.  As a result of the Plaintiff's failure to participate in discovery, the Court dismissed the action without prejudice on October 5, 2004.  The Plaintiff refiled the action in this Court on March 18, 2005, but she failed to serve the Defendants properly.  Therefore, on August 29, 2005, the second suit was also dismissed without prejudice.  On December 12, 2005, the Plaintiff filed her complaint for the third time.  After filing an Answer, the Defendants

move to dismiss, or in the alternative, for summary judgment based on the Plaintiff's failure to file this action within the statute of limitations. In response to the Defendants' motion, the Plaintiff filed a motion for leave to amend her complaint to add allegations relating to the foreclosure of her residence occurring in June of 2005.

## II.  DISCUSSION

### A.  Motion to Amend Complaint

Rule 15 of the Federal Rules of Civil Procedure governs whether a party may amend its pleadings. Pursuant to Rule 15(a), after a responsive pleading has been filed (in this case an Answer), a party may amend its complaint only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). The decision whether to grant leave to amend is within the sole discretion of the court and is not automatic. Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618, 622 (11th Cir. 1983). However, because leave to amend is to be freely given, there must be a substantial reason to deny the motion. Foman v. Davis, 371 U.S. 178, 182 (1962); Laurie v. Alabama Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001). Substantial reasons justifying denial include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Id. An amendment is futile if the

allegations of the proposed complaint would be unable to withstand a motion to dismiss. Amich v. BM & KM, Inc., 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003) (citing Vanderberg v. Donaldson, 259 F.3d 1321, 1326-27 (11th Cir. 2001)).

In her complaint, the Plaintiff alleges that her Fourth Amendment rights were violated when Defendant Kevin Sebring conducted a traffic stop without probable cause in January of 2002. (Compl. ¶ 16.) She now alleges that during that traffic stop, Officer Sebring made a phone call during which he stated that he was evicting the Plaintiff from her home. (Proposed Am. Compl. ¶ 1.) The Plaintiff, however, does not allege that she was evicted at that time, nor does she allege that Officer Sebring was responsible for evicting her. Rather, the Plaintiff alleges that her residence was foreclosed upon over three years later, on June 2, 2005, by non-parties FV-1, Inc. and Donald Suessmith. (Id. ¶¶ 4-5.) Despite Officer Sebring's apparent lack of involvement in the foreclosure, the Plaintiff nevertheless claims that Officer Sebring deprived her of her property. (Id. ¶ 7.) The Plaintiff's allegations are insufficient to state a claim against Officer Sebring based upon the foreclosure of her residence. As such, amendment of the Plaintiff's complaint would be futile and her motion for leave to amend is denied.

Subsequent to her motion to amend her complaint, the Plaintiff filed an additional proposed amendment. Included in that amendment were allegations

relating to service of process in the second of her three suits, which was dismissed for failure to serve the Defendants. The Court has previously addressed issues relating to service in that case and will not revisit them in this action. Furthermore, it appears that the Plaintiff attempts to amend her complaint to assert a claim against the process server, alleging that he was negligent in performing his duties and deprived the Plaintiff of her right to sue. Additionally, she alleges that the individuals who accepted service of the complaint in the second action intentionally hindered proper service of process. The Court is unable to conceive of any cognizable claim associated with these allegations and, thus, amendment of the Plaintiff's complaint will not be permitted.

    B.    <u>Motion to Dismiss</u>

The Defendants contend that the Plaintiff's action is barred by the applicable statute of limitations. Actions brought in this Court pursuant to 42 U.S.C. § 1983 are governed by the two-year statute of limitations period for personal injuries set forth in O.C.G.A. § 9-3-33. <u>Williams v. City of Atlanta</u>, 794 F.2d 624, 626 (11th Cir. 1986); <u>see also</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985) (courts should apply state statutes of limitations for personal injury claims to Section 1983 claims). The alleged constitutional violations occurred from December of 1992 through the nolle prosse of the burglary charges on April 10, 2003. Thus, the two-year statute of limitations had

run on all of the Plaintiff's claims by April 10, 2005. The Plaintiff did not file this action until December of 2005.[1]

However, under Georgia law, an action may be filed after the expiration of the statute of limitations under certain circumstances. Georgia's renewal statute, set forth in O.C.G.A. § 9-2-61, provides that:

> When any case has been commenced in either state or federal court within the applicable statue of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . .

O.C.G.A. § 9-2-61(a). With regard to the claims arising on or after January 13, 2002, the Plaintiff's first action, filed on January 13, 2004, was timely filed. Although the Court, rather than the Plaintiff, dismissed that action, the privilege of renewal applies to involuntary dismissals as well, provided that the merits of the case are not adjudicated. Owens v. Hewell, 222 Ga. App. 563, 564 (1996). Thus, following dismissal of the first complaint on October 12, 2004, the Plaintiff had until April 12, 2005, to refile. However, according to O.C.G.A. § 9-2-61(a), "if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once." See also White v. KFC Nat'l

---

[1] Any claims arising out of the alleged incidents occurring in 1992 and 1998 are clearly barred by the two-year statute of limitations. (See Compl. ¶¶ 9-15.)

Mgm't Co., 229 Ga. App. 73, 75 (1997). Therefore, the Plaintiff was entitled to only one renewal of any of the claims for which the statute of limitations had run as of October 12, 2004.

The Plaintiff exercised this one opportunity when she refiled her complaint on March 18, 2005, within the six-month statutory renewal period. However, as noted, she failed to effectuate proper service on the Defendants and the complaint was dismissed on August 29, 2005. The renewal statute did not authorize the Plaintiff to renew for the second time any claims arising on or before October 12, 2002, in the present action. See White, 229 Ga. App. at 74-75; Worley v. Pierce, 211 Ga. App. 863, 864 (1994); Associated Writers Guild of Am., Inc. v. First Nat'l Bank of Atlanta, 195 Ga. App. 820, 821 (1990). Furthermore, "in order for a case to qualify as a renewal action, the earlier filed suit must have been a valid action *with proper service on the defendant*." Black v. Knight, 231 Ga. App. 820, 821 (1998); see also Stephens v. Shields, 271 Ga. App. 141, 142 (2004) ("The renewal statute applies only to actions that are valid prior to dismissal. To constitute a valid action, the complaint must be served personally on the defendant."). Because the Plaintiff did not properly serve the Defendants prior to dismissal, the action filed on March 18, 2005, was not valid and the renewal statute does not apply. As such, this action, in its entirety, is barred by the applicable statute of limitations and dismissal is warranted.

## IV.  CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment [Doc. 8] is GRANTED and the Plaintiff's Motion for Leave to File an Amended Supplement Complaint [Doc. 13] is DENIED.  The Plaintiff's claims are DISMISSED WITH PREJUDICE.

SO ORDERED, this 17 day of April, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge